

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PACKARD AUTOMOTIVE, INC. on behalf of themselves and all others similarly situated,

    Plaintiff,

v.

HONEYWELL INTERNATIONAL INC.,
CHAMPION LABORATORIES, INC.,
PUROLATOR FILTERS N.A. L.L.C., WIX
FILTRATION PRODUCTS, CUMMINS
FILTRATION INC., THE DONALDSON
COMPANY, BALDWIN FILTERS INC., BOSCH
U.S.A., MANN + HUMMEL U.S.A., INC.,
ARVINMERITOR, INC., UNITED
COMPONENTS, INC., THE CARLYLE GROUP,
and DOES 1 – 20, inclusive,

**08CV1950**
**JUDGE KENNELLY**
**MAG. JUDGE BROWN**

**JURY TRIAL**
**DEMANDED**

FILED

APR - 4 2008
Apr 4, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## CLASS ACTION COMPLAINT

Plaintiff Packard Automotive, Inc. by and through its counsel, on behalf of itself and all others similarly situated, brings this action against the above named Defendants for damages and injunctive relief, and demand trial by jury. In this Complaint, Plaintiff alleges:

### I. JURISDICTION AND VENUE

1.    This complaint is filed under Section 16 of the Clayton Act (15 U.S.C. §26) to obtain injunctive relief for violations of Section 1 of the Sherman Act (15 U.S.C. §1), to recover damages under state antitrust and consumer protection laws, and to recover the costs of suit, including reasonable attorneys' fees, for the injuries that Plaintiff and all others similarly situated sustained as a result of the Defendants' violations of those laws.

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and

1337, and Section 16 of the Clayton Act, 15 U.S.C. §§15 and 26. The Court has jurisdiction over the state law claims under 28 U.S.C. §1367 because those claims are so related to the federal claim that they form part of the same case or controversy.

3.     This Court also has jurisdiction pursuant to 28 U.S.C. §1332(d)(2), which provides federal district courts with original jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which "any member of a class of plaintiffs is a citizen of a state different from any defendant."

4.     This Court has *in personam* jurisdiction over each of the Defendants because each was engaged in an illegal price-fixing scheme and conspiracy that was directed at and/or caused injury to persons and entities residing or located in this District, or Defendants are doing business in this District and throughout the United States, and because each conducts substantial business in or arising from this District.

5.     Venue is proper in this judicial district pursuant to 15 U.S.C. §22 and 28 U.S.C. §1391(b), (c), (d) because, during the Class Period, one or more of the Defendants resided, transacted business, was found, or had agents in this District, and because a substantial part of the events giving rise to Plaintiff's claims occurred, and a substantial portion of the affected interstate trade and commerce described below has been carried out, in this District.

6.     Venue is proper because Champion Laboratories, Inc. and Bosch U.S.A. are found, have agents and transact business in this District as provided in 28 U.S.C. § 1391(b) and (c) and in Sections 4 and 12 of the Clayton Act, 15 U.S.C. §§ 15 and 22.

## II. DEFINITIONS

7.      "Filters" are defined herein as oil, fuel, engine air, cabin air, coolant,

transmission, and hydraulic filters used in the aftermarket (i.e., the market for replacement

filters).

8.      Oil filters are part of a vehicle's lubrication system and help to protect the

engine from premature wear. Each moving part in the engine and the cylinder walls requires

clean oil for proper lubrication and lasting life. The oil filter cleans the oil as it passes

through the filter element or filtering media. This prevents abrasive contaminants in the

engine lubrication system from damaging engine parts.  In a typical full-flow type oil filter,

the oil flows into an inlet passage and then through the filtering element. After flowing

through the filter element, the filtered or "clean" oil passes directly to the main oil gallery. In

a partial-flow type filter, the oil returns directly to the oil pan.  The media is the filtering

material in the oil filter element. There are two basic types of filter media: the "paper" media

and the "depth" type media.

9.      Fuel filters protect fuel system components in a vehicle from contaminants in

the fuel. All of the fuel that enters the engine must first pass through the fuel filter.

Contaminants can plug fuel injectors or carburetors, causing engine malfunction and

deterioration. Dirt, rust, scale and water are the major impurities present in fuel. These

impurities can originate from dirty and rusty service station storage tanks and, as the vehicle

ages, from corrosion within the fuel system components. Fuel filters are vital for long and

trouble-free fuel system and engine life.

10.     Engine air filters remove soot, carbon, abrasives and other contaminants from

the air before the air mixes with fuel in a vehicle's engine induction system. The engine air

filter prevents microscopic dust particles from entering the engine, which can damage cylinder walls, pistons and piston rings. Since as much as 10,000 gallons of air must pass through the air filter for every gallon of fuel the engine burns, air filters lengthen engine life by preventing the introduction of damaging foreign particles to the fuel mix.

11.    Cabin air filters capture airborne contaminants such as soot, dirt, pollen, and other pollutants, that enter a vehicle cabin through its heating, air conditioning and defrosting (HVAC) system. Cabin air filters also prevent leaves, dirt, bugs and other debris from entering the HVAC system and negatively impacting the operation of the heater, air conditioner and defroster.

12.    Coolant filters are used on most types of diesel engines in vehicles. These filters help to maintain proper engine heat transfer by filtering solid contaminants from the coolant and by minimizing corrosion and deposits in the cooling system.

13.    Transmission filters protect vehicle transmissions against contaminants in the transmission fluid system. Proper filtration helps improve transmission life by minimizing wear and preventing sticking and scoring of sensitive shift control valves. In the event of a part failure, the filter also guards against secondary damage to other parts and thus helps to minimize repair costs.

14.    Hydraulic filters are used for a variety of applications for Heavy Truck, Off-Highway, Agricultural and Construction vehicles and equipment, which depend on hydraulic fluids to power many of their critical functions.

## II. PARTIES

15.    Plaintiff Packard Automotive Inc. is a Wisconsin corporation conducting business as a automobile repair shop and is located at 5780 South Packard Avenue, Cudahy,

Wisconsin 53110. Throughout the Class Period, Plaintiff purchased for its own use and not for resale Filters, and suffered injury as a result of Defendants' illegal conduct described in this Complaint.

16.    Defendant Honeywell International Inc. ("Honeywell") is a Delaware corporation with its principal place of business located at 101 Columbia Road, Morris Township, New Jersey, 07962. It conducts business both directly and through wholly-owned and dominated subsidiaries in the United States. During the Class Period, Honeywell's Transportation Systems business manufactured and sold Filters principally under the Fram® brand.

17.    Defendant Champion Laboratories, Inc. ("Champion") is a corporation with its principal place of business located at 200 S. Fourth Street, Albion, Illinois 62806. It conducts business both directly and through wholly-owned and dominated subsidiaries in the United States.  During the Class Period, Champion manufactured and sold Filters principally under the following brands: Champ Quality Oil Filters, Champ Quality Air Filters, Kleener® Cabin Air Filters, Champ Quality Fuel Filters, Champ Quality Transmission Filters and PetroClear® Dispensing Filters.  Through its Luber Finer subsidiary, Champ manufactures and distributes heavy-duty Filters, for transportation, off road/mining, marine, agriculture and automotive light truck.

18.    Champion is a subsidiary of Defendant United Components, Inc. ("UCI"), a corporation with its principal place of business located at 14601 Highway 41 N., Evansville, Indiana 47725-9357.  UCI is owned by Defendant The Carlyle Group, a private investment group partnership based in Washington, District of Columbia, with a business address at 1001 Pennsylvania Ave NW #220, Washington, DC 20004-2505.

19.     Defendant Purolator Filters N.A. L.L.C. ("Purolator") is a limited liability company with its principal place of business located at 3200 Natal Street, Fayetteville, North Carolina, 28306. It conducts business both directly and through wholly-owned and dominated subsidiaries in the United States. During the Class Period, Purolator manufactured and sold Filters in the United States principally under the following brands: PureONE Oil Filters, PremiumPLUS Oil Filters, PureONE Air Filters, PremiumPLUS Media Air Filters and BreatheEASY® Cabin Air Filters.

20.     Purolator is owned and operated through a joint venture between Defendants Bosch U.S.A. ("Bosch") and Mann + Hummel U.S.A., Inc. ("Mann + Hummel").

21.     Defendant Bosch is the United States regional branch of Robert Bosch GmbH, a privately held conglomerate located in Germany. Bosch's Auto Parts business in the United States is located at 2800 S. 25th Avenue, Broadview, Illinois 60155-4594. It conducts business both directly and through wholly-owned and dominated subsidiaries in the United States. During the Class Period, Bosch manufactured and sold filters in the United States principally under the following brands: Bosch Premium Cabin Filters, Bosch Particulate Filters, Bosch Activated Charcoal Filters, Bosch Fuel Filters and Bosch FILTECH Oil Filters.

22.     Mann + Hummel is the United States subsidiary of The MANN+HUMMEL Group, a German business entity. Mann + Hummel's business headquarters in the United States is located at 6400 S. Sprinkle Road, Portage, Michigan 49002-9706. It conducts business both directly and through wholly-owned and dominated subsidiaries in the United States. During the Class Period, Mann + Hummel manufactured and sold Filters in the United States principally under the MANN-FILTER brand.

- 6 -

23.     Defendant ArvinMeritor Inc. ("ArvinMeritor") is an Indiana corporation and a New York Stock Exchange listed company with a business address located at 2135 West Maple Road, Troy, MI 48084. Prior to April 2006, Purolator was owned by ArvinMeritor.

24.     Defendant Wix Filtration Corp. LLC ("Wix") is a limited liability company headquartered in Gastonia, North Carolina, with a business address located at 1 Wix Way, Gastonia, North Carolina 28054. It conducts business both directly and through wholly-owned and dominated subsidiaries in the United States.  During the Class Period, Wix manufactured and sold Filters in the United States principally under the Wix® Filter brand.

25.     Defendant Cummins Filtration Inc. ("Cummins") is a wholly-owned subsidiary of Cummins Inc., a New York Stock Exchange listed company, with a business address located at 2931 Elm Hill Pike, Nashville, Tennessee 37214.  It conducts business both directly and through wholly-owned and dominated subsidiaries in the United States. During the Class Period, Cummins manufactured and sold Filters in the United States principally under the following brands: OptiAir™, Magnum RS™, Direct Flow™, Fleetguard's FS1000™, Fuel Pro® filter, Diesel Pro® filter, Industrial Pro™ filter, Duramax™ and Venturi™ Combo System.

26.     Defendant The Donaldson Company ("Donaldson") is a Delaware corporation and a New York Stock Exchange listed company with a business address located at 1400 West 94th St., Minneapolis, Minnesota 55431.  It conducts business both directly and through wholly-owned and dominated subsidiaries in the United States.  During the Class Period, Donaldson manufactured and sold Filters in the United States principally under the Donaldson brand.

27.     Defendant Baldwin Filters, Inc. ("Baldwin") is a corporation with a business

-7-

address located at 4400 E. Hwy. 30, Kearney, Nebraska 68848-6010. It conducts business

both directly and through wholly-owned and dominated subsidiaries in the United States.

During the Class Period, Baldwin manufactured and sold Filters in the United States under

the Baldwin brand.

28.    The true names and capacities of defendants DOES 1-20 are unknown to

Plaintiff. Each of such fictitiously named defendants has participated or acted in concert or

in furtherance of the violations alleged herein and has performed acts and made statements in

furtherance thereof. When and if Plaintiff learns the identity of such persons, Plaintiff will

amend this Complaint to show such defendant's true name and capacity.

## IV. CLASS ALLEGATIONS

29.    Plaintiff brings this action under Federal Rule of Civil Procedure 23(b)(2) and

23(b)(3) on its own behalf and on behalf of the following class (the "Class"):

> All persons or entities who acquired in the United States for
> their own use, and not for further selling, Filters manufactured
> and/or distributed by one or more of the Defendants, their
> agents or entities under their control, at any time between
> January 1, 1999 and the present (the "Class"). The Class
> excludes the Defendants; the officers, directors or employees
> of the Defendants; and any subsidiary, affiliate or other entity
> in which Defendants have a controlling interest. The Class
> also excludes all federal, state or local governmental entities,
> all judicial officers presiding over this action and their
> immediate family members and staff, and any juror
> assigned to this action.

30.    Plaintiff does not know the exact number of Class members, because that

information is in the exclusive control of Defendants and third parties. However, due to the

nature of the trade and commerce involved, Plaintiff believes that the Class members number in

the thousands and are geographically diverse so that joinder of all Class members is

impracticable. Fed. R. Civ. P. 23(a)(1).

31.    There are questions of law and fact common to the Class, including but not

limited to the following:

(a)     Whether Defendants engaged in a contract, combination or conspiracy to fix the prices of Filters;

(b)     Whether Defendants violated Section 1 of the Sherman Act (15 USC Section 1);

(c)     The existence, duration, and illegality of the contract, combination or conspiracy alleged herein;

(d)     Whether Defendants and each of them was a participant in the contract, combination or conspiracy alleged herein;

(e)     Whether the prices charged for Filters during the Class Period were artificially inflated as a result of Defendants' contract, combination or conspiracy alleged herein;

(f)     The amount by which Defendants' illegal, unfair or deceptive trade practices have inflated the price of Filters over the amount that would have for in a competitive market unaffected by Defendants' illegal acts;

(g)     The effect upon and the extent of injuries sustained by Plaintiff and members of the Class and the appropriate type and/or measure of damages;

(h)     Whether Defendants took affirmative steps to conceal the contract, combination or conspiracy alleged herein; and

(i)     Whether Plaintiff and the members of the Class are entitled to declaratory and/or injunctive relief.

32.     These common questions and others predominate over questions, if any, which affect only individual Class members. Fed. R. Civ. P. 23(a)(2) and 23(b)(3).

33.     Plaintiff's claims are typical of, and not antagonistic to, the claims of the other

Class members. By advancing his claim, Plaintiff will also advance the claims of all Class members, because Defendants participated in activity that caused all Class members to suffer similar injuries. Fed. R. Civ. P. 23(a)(3).

34.     Plaintiff and its counsel will fairly and adequately protect the interests of absent Class members. There are no material conflicts between Plaintiff's claims and those of absent Class members that would make class certification inappropriate. Counsel for Plaintiff are experienced in complex class action litigation, including antitrust litigation, and will vigorously assert Plaintiff's claims and those of absent Class members. Fed. R. Civ. P. 23(a)(4).

35.     A class action is superior to other methods for the fair and efficient resolution of this controversy. The class action device presents fewer management difficulties, and provides the benefit of a single adjudication, economy of scale, and comprehensive supervision by a single court. Fed. R. Civ. P. 23(b)(3). The damages suffered by Plaintiff and each Class member are relatively small, given the expense and burden of individual prosecution of the claims asserted in this litigation. Thus, absent class certification, it would not be feasible for Plaintiff and Class members to redress the wrongs done to them. Even if Plaintiff and the Class members could afford individual litigation, which is not the case, the court system could not. Further, individual litigation presents the potential for inconsistent or contradictory judgments and would greatly magnify the delay and expense to all parties and to the court system. Therefore, the class action device presents far fewer case management difficulties and will provide the benefits of unitary adjudication, economy of scale and comprehensive supervision by a single court.

## BACKGROUND

36.     Filters are typically detachable units that require regular service or

replacement. They are essentially fungible products.

37.    Filter manufacturers, such as Defendants, sell Filters primarily to original equipment manufacturers (i.e., vehicle manufacturers for installation of Filters into new vehicles on the production floor) and "aftermarket" sellers (i.e., sellers for professional or self-installation of replacement Filters). The allegations contained herein involve the Filters aftermarket.

38.    Defendants are the primary manufacturers of aftermarket Filters in the United States.

39.    Annual revenues for Filters are approximately $3-5 billion in the United States.

### DEFENDANTS' ILLEGAL CONDUCT

40.    During the Class Period, Defendants and their co-conspirators conspired, contracted or combined to fix, raise, maintain or stabilize prices, rig bids and allocate customers for Filters in the United States.

41.    In formulating and effectuating their contract, combination or conspiracy, Defendants and their co-conspirators engaged in anticompetitive activities, including:

(a)    Attending meetings or otherwise engaging in discussions in the United States and elsewhere by telephone, facsimile and electronic mail regarding the sale of Filters;

(b)    Agreeing to charge prices for Filters at specified levels and to allocate customers and otherwise fixing, increasing, maintaining or stabilizing the prices of Filters sold to purchasers in the United States;

(c)    Agreeing not to compete for one another's customers by, among other things, not submitting prices or bids to certain customers or by submitting intentionally high prices or bids to certain customers;

(d)    Selling Filters to customers in the United States and elsewhere at collusive and non-competitive prices pursuant to the agreement reached;

(c)     Accepting payment for Filters sold in the United States and elsewhere at collusive and non-competitive prices;

(f)     Communicating with one another to discuss the prices, customers, markets and price levels of Filters sold in the United States;

(g)     Authorizing or consenting to the participation of employees in the conspiracy; and

(h)     Concealing the conspiracy and conspiratorial contacts through various means.

42.     At least as early as 1999, Defendants and their co-conspirators had numerous confidential discussions with each other and exchanged extensive communications regarding pricing and customers. This conspiratorial conduct resulted in an unlawful agreement to fix, raise, maintain or stabilize prices, rig bids and allocate customers for Filters in the United States.

43.     Pursuant to their unlawful agreement, Defendants each instituted similar price increases for Filters during the Class Period, including in 1999, early 2004 and late 2004/early 2005. These price increases were approximately 4 - 6% each.

44.     Defendants' conduct during the Class Period in collusively fixing, increasing, maintaining or stabilizing prices, rigging bids and allocating customers was for the sole purpose of foreclosing price competition in order to maintain artificially high prices for their Filters.

45.     By coordinating their pricing activities and allocating customers, Defendants have removed from Plaintiff the ability to constrain Defendants' pricing by moving (or threatening to move) its Filter business from one Defendant to another in response to price

- 12 -

increases.

46.     Absent their coordinated activity, Defendants would have been forced to price Filters competitively or risk losing the significant business of their Filter customers, including Plaintiff's. With unrestrained competition, Defendants would have been forced to forego their price increases altogether, implement smaller ones, or even decrease their prices in order to retain these customers.

47.     The likelihood that Defendants would have moderated their price increases or, indeed, decreased their prices is particularly strong in the face of Champion's developments in filter technology which have reduced the amount of steel used in its Filters.

48.     The aforesaid combination and conspiracy has had the following effects, among others:

(a)     price competition in the Filters industry has been suppressed, restrained and eliminated;

(b)     the prices of Filters have been raised, fixed, maintained and stabilized at artificial and non-competitive levels; and

(c)     consumers of Filters were deprived of free and open competition in the Filters market.

## INJURY TO PLAINTIFF AND MEMBERS OF THE CLASS

49.     During the period covered, Plaintiff and the other members of the Class paid inflated prices for Filters products.  By reason of the alleged violations of the antitrust laws, Plaintiff and the other members of the Class paid higher prices for Filters than they would have paid in the absence of the illegal contract, combination or conspiracy, and, as a result, have been injured in their business and have suffered damages in an amount presently undetermined.

- 13 -

50.     The specific amounts of damages have not yet been determined because such determination will require discovery.  When these amounts have been determined, Plaintiff will seek leave of Court to amend this Complaint to include such amounts.

## FRAUDULENT CONCEALMENT

51.     The running of any statute of limitations has been suspended with respect to any claims which the Plaintiff and the other members of the Class have sustained as a result of the unlawful combination and conspiracy alleged herein and with respect to their rights to injunctive relief by virtue of the federal doctrine of fraudulent concealment.  Defendants, through various devices and techniques of secrecy, affirmatively and fraudulently concealed the existence of the unlawful combination and conspiracy alleged herein.

## VIOLATIONS ALLEGED

### First Claim for Relief
### (Violation of Section 1 of the Sherman Act)

52.     Plaintiff incorporates and re-alleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

53.     Beginning at a time presently unknown to Plaintiff but at least as early as January 1, 1999 and continuing through the present, the exact dates being unknown to Plaintiff, Defendants and their co-conspirators entered into a continuing agreement, understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or stabilize prices for of Filters in the United States, in violation of Section 1 of the Sherman Act (15 U.S.C. §1).

54.     In formulating and carrying out the alleged agreement, understanding, and conspiracy, the Defendants and their co-conspirators did those things that they combined and conspired to do, including but not limited to the acts, practices, and course of conduct set

- 14 -

forth above, and the following, among others:

      (a)      To fix, raise, maintain and stabilize the price of Filters;

      (b)      To allocate markets for Filters among themselves; and

      (c)      To submit rigged bids for the award and performance of certain

contracts for Filters.

55.      The combination and conspiracy alleged herein has had the following effects, among others:

      (a)      Price competition in the sale of Filters has been restrained, suppressed, and/or eliminated in the United States;

      (b)      Prices for Filters sold by Defendants and their co-conspirators have been fixed, raised, maintained and stabilized at artificially high, non-competitive levels throughout the United States; and

      (c)      Those who purchased Filters indirectly from Defendants and their co-conspirators have been deprived of the benefits of free and open competition.

56.      Plaintiff and the Class have been injured and will continue to be injured in their business and property by paying more for Filters purchased indirectly from the Defendants and their co-conspirators than they would have paid and will pay in the absence of the combination and conspiracy, including paying more Filters.

57.      Plaintiff and the Class are entitled to an injunction against Defendants, preventing and restraining the violations alleged herein.

### Second Claim for Relief
### (Violation of State Antitrust and Unfair Competition Laws)

58.      Plaintiff incorporates and re-alleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

59.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Arizona Revised Stat. §§44-1401 et seq.

60.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of California Bus. & Prof. Code §§16700 et seq. and Cal. Bus. & Prof. Code §§17200 et seq.

61.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of District of Columbia Code Ann. §§28-4503 et seq.

62.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Hawaii Rev. Stat. §§480-1 et seq.

63.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Iowa Code §§553.1 et seq.

64.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Kansas Stat. Ann. §§50-101 et seq.

65.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Maine Rev. Stat. Ann. 10, §§1101 et seq.

66.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Michigan Comp. Laws. Ann. §§445.773 et seq.

67.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Minnesota Stat. §§325D.52 et seq.

68.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Mississippi Code Ann. §75-21-1 et seq.

69.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Montana Code Ann. §§30-14-205 et seq.

70.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Nebraska Rev. Stat. §§59-801 et seq.

71.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Nevada Rev. Stat. Ann. §§598A et seq.

72.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of New Mexico Stat. Ann. §§57-1-1 et seq.

73.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of North Carolina Gen. Stat. §§75-1 et seq.

74.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of North Dakota Cent. Code §§51-08.1-01 et seq.

75.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of the Pennsylvania common law.

76.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of South Dakota Codified Laws Ann. §§37-1 et seq.

77.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Tennessee Code Ann. §§47-25-101 et seq.

78.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of West Virginia §§47-18-1 et seq.

79.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Wisconsin Stat. §§133.01 et seq.

80.    By reason of the foregoing, Defendants have entered into agreements in restraint of trade in violation of Wyoming Stat. Ann. §§40-4-101 et seq.

81.    Class members in each of the states listed above paid *supra*-competitive,

artificially inflated prices for products containing Filters. As a direct and proximate result of Defendants' unlawful conduct, such members of the Class have been injured in their business and property in that they paid more for Filters than they otherwise would have paid in the absence of Defendants' unlawful conduct.

### Third Claim for Relief
### (Violation of State Consumer Protection and Unfair Competition Laws)

82.     Plaintiff incorporates and re-alleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

83.     Defendants engaged in unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of the state consumer protection and unfair competition statutes listed below.

84.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of California Bus. & Prof. Code §17200 *et seq.*

85.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Florida Stat. §501.201 *et seq.*

86.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nebraska Rev. Stat. §59-1601 *et seq.*

87.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New Hampshire Rev. Stat. §358-A:2 *et seq.*

88.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of New York Gen. Bus. Law §349 *et seq.*

89.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 9 Vermont §2451 *et seq.*

90.     Class members in the states listed above paid supra-competitive, artificially

inflated prices for Filters. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Class have been injured in their business and property in that they paid more for Filters than they otherwise would have paid in the absence of Defendants' unlawful conduct.

### Fourth Claim for Relief
### (Unjust Enrichment and Disgorgement of Profits)

91.    Plaintiff incorporates and re-alleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

92.    Defendants have been unjustly enriched through overpayments by Plaintiff and Class members and the resulting profits.

93.    Under common law principles of unjust enrichment, Defendants should not be permitted to retain the benefits conferred via overpayments by Plaintiff and Class members.

94.    Plaintiff seeks disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and the Class may seek restitution.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1.    That the Court determine that the Sherman Act, state antitrust law, and state consumer protection and/or unfair competition law claims alleged herein may be maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure;

2.    That the unlawful conduct, contract, conspiracy or combination alleged herein be adjudged and decreed to be:

   i.    a restraint of trade or commerce in violation of Section 1 of the

Sherman Act, as alleged in the First Claim for Relief;

  ii.  an unlawful combination, trust, agreement, understanding, and/or concert of action in violation of the state antitrust laws identified in the Second Claim for Relief herein;

  iii.  violations of the state consumer protection and unfair competition laws identified in the Third Claim for Relief herein; and

  iv.  acts of unjust enrichment as set forth in the Fourth Claim for Relief herein.

  3.  That Plaintiff and the Class recover damages, as provided by federal and state antitrust laws, and that a joint and several judgment in favor of Plaintiff and the Class be entered against the Defendants in an amount to be trebled in accordance with such laws;

  4.  That Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents, and employees thereof, and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from in any manner: (1) continuing, maintaining, or renewing the conduct, contract, conspiracy or combination alleged herein, or from entering into any other conspiracy alleged herein, or from entering into any other contract, conspiracy or combination having a similar purpose or effect, and from adopting or following any practice, plan, program, or device having a similar purpose or effect; and (2) communicating or causing to be communicated to any other person engaged in the sale of Filters, information concerning bids of competitors;

  5.  That Plaintiff be awarded restitution, including disgorgement of

profits obtained by Defendants as a result of their acts of unfair competition and acts of unjust enrichment;

6.      That Plaintiff and the Class be awarded pre- and post-judgment interest, and that that interest be awarded at the highest legal rate from and after the date of service of the initial complaint in this action;

7.      That Plaintiff and the Class recover their costs of this suit, including reasonable attorneys' fees as provided by law; and

8.      That Plaintiff and the Class have such other, further, and different relief as the case may require and the Court may deem just and proper under the circumstances.

Dated: April 4, 2008                              Respectfully submitted,


By:      _____
         Thomas M. Ryan
         LAW OFFICES OF
         THOMAS M. RYAN, P.C.
         250 N. Michigan Ave.
         Suite 2560
         Chicago, IL 60601
         Telephone:    (312) 726-3400
         Facsimile:    (312) 233-1560


         Guri Ademi
         Shpetim Ademi
         David Syrios
         ADEMI & O'REILLY, LLP
         3620 E. Layton
         Cudahy, WI  53110
         Telephone:    (414) 482-8000
         Facsimile:    (414) 482-8001

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a

trial by jury for all issues so triable.

Dated: April 4, 2007                    By:    _____
                                               Thomas M. Ryan
                                               LAW OFFICES OF
                                               THOMAS M. RYAN, P.C.
                                               250 N. Michigan Ave.
                                               Suite 2560
                                               Chicago, IL 60601
                                               Telephone:    (312) 726-3400
                                               Facsimile:    (312) 233-1560